

## NUMBER 13-18-00350-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**BILLY JOE ROUSH,**                                           **APPELLANT,**

**v.**

**THE STATE OF TEXAS,**                                        **APPELLEE.**

---

### On Appeal from the 424th District Court
### of Llano County, Texas.

---

## ORDER OF ABATEMENT

### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Order Per Curiam

Appellant, Billy Joe Roush, filed a notice of appeal with this Court from his conviction in trial court cause number CR7464.[1]    The trial court's certification of the

---

[1] This case is before the Court on transfer from the Third Court of Appeals in Austin pursuant to a docket equalization order issued by the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

defendant's right to appeal does not contain the defendant's signature. *See* TEX. R. APP. P. 25.2(d). On August 15, 2018, the Clerk of the Court requested that the trial court provide an amended certification of defendant's right of appeal containing the defendant's signature. The District Clerk responded that the trial court certification was mailed to defendant but has not been returned.

The Texas Rules of Appellate Procedure require the trial court to enter a certification of the defendant's right of appeal in every case in which it enters a judgment of guilt or other appealable order. *See id.* 25.2(a)(2). The certification must include a notice that the defendant has been informed of his rights concerning an appeal, as well as any right to file a pro se petition for discretionary review. *See id.* 25.2(d). The certification must be signed by the defendant and a copy must be given to him. *See id.* 25.2(d).

The record in this cause contains the trial court's certification pursuant to TEX. R. APP. P. 25.2(a)(2), but the certification is defective because it has not been signed by the defendant. Accordingly, this matter is ABATED and REMANDED to the trial court to remedy the defect in the certification by preparing and filing a "Trial Court's Certification of Defendant's Right of Appeal" which includes the defendant's signature. All of the provisions of 25.2(d) should be complied with including the requirement that the defendant be informed of his rights concerning an appeal, as well as any right to file a *pro se* petition for discretionary review. The trial court's amended certification, and any orders it enters shall be included in a supplemental clerk's record. The trial court is directed to cause the supplemental clerk's record to be filed with the Clerk of this Court

within thirty days of the date of this order. Should the trial court require more time to comply with the directions of this Court, it shall request an extension prior to the expiration of this deadline.

It is so ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed this the
4th day of September, 2018.

3